# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| THE HUNTINGTON NATIONAL BANK, | : | CASE NO.: |
| 41 South High Street | : | |
| Columbus, OH 43215 | : | |
| | : | JUDGE: |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| DANIEL TRUCKING INTERNATIONAL INC., | : | |
| c/o Pavel Pavlov, Registered Agent | : | |
| 555 Allendale Dr. | : | |
| Wheeling, IL 60090-2690 | : | |
| | : | |
| and | : | |
| | : | |
| PAVEL PAVLOV, | : | |
| 6890 Boggs Ln. | : | |
| Kelseyville, CA 95451 | : | |
| | : | |
| Defendants. | : | |

## COMPLAINT

Plaintiff, The Huntington National Bank ("Huntington"), by and through its undersigned counsel, for its Complaint against Defendants Daniel Trucking International Inc. ("Daniel Trucking") and Pavel Pavlov ("Pavlov" and collectively with Daniel Trucking, "Defendants"), states as follows:

## NATURE OF THE ACTION

1. Huntington seeks to recover over $1,000,000.00 in unpaid credit extended to Daniel Trucking, and guaranteed by Pavlov, based on defaults under a certain Commercial Card Account Agreement ("Card Agreement") and certain equipment finance agreements. Huntington also seeks damages from Daniel Trucking for material misrepresentations and omissions concerning Daniel

Trucking's financial condition and operations, which induced Huntington to extend and increase credit to Daniel Trucking.

## PARTIES

2. Plaintiff Huntington is a federally chartered bank with its principal place of business in Columbus, County of Franklin, Ohio.

3. Upon information and belief, Defendant Daniel Trucking is a corporation organized under the laws of Illinois with its corporate office in Wheeling, Illinois.

4. Upon information and belief, Defendant Pavel is an individual residing in either Kelseyville, California and/or Sunny Isles Beach, Florida and is the sole owner, Chief Executive Officer, and guarantor of Daniel Trucking.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), as there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.

6. Jurisdiction and venue are further proper pursuant to the parties' contractual agreements. The Card Agreement and the equipment finance agreements provide that they shall be governed by Ohio law and that the parties submit to the jurisdiction of the state and federal courts located in Franklin County, Ohio, waiving any objection to venue therein.

## FACTS

7. Huntington is a financial institution that, among other services, issues credit cards and provides lines of credit to customers.

8. Upon information and belief, Daniel Trucking is a trucking company that operates in 48 states throughout the United States delivering refrigerated goods.

9. Daniel Trucking approached Huntington requesting to open lines of credit through a corporate credit card, as well as financing for certain equipment.

10. In response to Huntington's request for information, Daniel Trucking provided certain financial documents and made certain representations to induce Huntington to issue certain lines of credit.

11. Huntington relied on certain financial documents and representations to approve a number of lines of credit.

Card Agreement[1]

12. On or about June 11, 2024, Pavlov executed the Card Agreement on behalf of Daniel Trucking with Huntington, whereby Huntington would provide Daniel Trucking with an account to be accessed by Mastercard branded credit cards, which would be used to access up to the entire available credit limit of $400,000.00 ("Credit Limit") in exchange for timely payments by Daniel Trucking.

13. Per the Card Agreement, Huntington and Daniel Trucking agreed to the terms and conditions set forth below:

   a. Daniel Trucking and its authorized users will use the credit cards only for business purposes involving the procurement of goods and/ or services for the Company.

   b. Daniel Trucking will pay the outstanding balance of all credit card transactions on the due date set forth on each billing statement.

---

[1] The Card Agreement is a confidential agreement between Huntington and Daniel Trucking. Therefore, a copy of the Card Agreement is not attached to the Complaint. Defendants have a copy of the Card Agreement and Huntington will file a copy of the Card Agreement under seal if the Court requires it.

    c. The aggregate total of all outstanding purchases, cash advances, finance charges, and fees on all credit cards will not exceed the Credit Limit.

    d. Daniel Trucking must maintain a demand deposit account in good standing with Huntington and to make payment in full for any outstanding Account balance by the due date noted on each billing statement. If there are insufficient funds in the demand deposit account on a payment due date, Daniel Trucking is still responsible for paying the entire outstanding balance of the account on or before the due date indicated on the statement.

    e. Huntington may terminate the Card Agreement, and/or revoke any or all credit cards issued in connection with the account upon the detection of fraud, suspected fraud, suspicious activity, or default.

    f. Daniel Trucking is in default if it fails to pay any amount when due or if the total balance under the account is in excess of the Credit Limit or any approved increased credit limit.

    g. Huntington is entitled to reasonable attorneys' fees and costs if it commences legal action for Default.

<u>Equipment Finance Agreements and Guaranty</u>

14. On or about July 8, 2024, Huntington extended credit in the amount of $380,000.00 to Daniel Trucking pursuant to the first Equipment Finance Agreement bearing the number x5-001 to purchase and maintain certain equipment ("First Equipment Agreement"). A true and correct copy of this Equipment Agreement is attached hereto and incorporated herein as Exhibit 1.

15. Per the First Equipment Agreement, Huntington and Daniel Trucking agreed to the terms and conditions set forth below:

a. "In consideration of the financing provided by [Huntington], [Daniel Trucking] agrees to pay to [Huntington] the Financed Amount, together with interest thereon, by paying to [Huntington] each of the following amounts when specified: (a) the amount of any Advance/Payment(s) set forth above, due and payable on the date [Daniel Trucking] delivers this [First Equipment Agreement], and (b) consecutive monthly installments…" Exhibit 1, page 1, "Summary of Term and Payments" and section 1 "Payments."

b. Daniel Trucking will be in default if it "…fails to pay any Payment or other amount due hereunder when due… [or Daniel Trucking] defaults under any other Obligation to [Huntington]." Exhibit 1, page 2, section 10 "Events of Default."

c. "Upon the occurrence of an Event of Default, and at any time thereafter until the same is cured or waived to the written satisfaction of [Huntington], [Huntington] may, in its sole discretion, exercise any one or more of the following rights and remedies: (a) declare immediately due and payable and recover from [Daniel Trucking], as liquidated damages and not as a penalty, the entire outstanding unamortized Financed Amount, plus all accrued and unpaid interest and any late charges, fees and other unpaid amounts owing under this [First Equipment Agreement], as conclusively determined pursuant to the books and records of [Huntington], plus a fee equal to 5% of the unamortized Financed Amount, and the same shall thereupon be and become immediately due and payable in full without presentment, notice of dishonor, or protest, all of which [Daniel Trucking] hereby waives; (b) charge interest on the unpaid amount of

liquidated damages due hereunder at eighteen percent (18%) per annum, but in no event greater than the maximum rate permitted under applicable law, and all interest accrued hereunder shall be due and payable on demand by [Huntington]… (d) recover from [Daniel Trucking], and [Daniel Trucking] agrees to pay, all costs and expenses incurred by [Huntington] in the exercise of any right or remedy available to it under this [First Equipment Agreement], including expenses of repossession, repair, storage, transportation, and disposition of the Collateral, costs of obtaining money damages and attorneys' fees and expenses for any purpose related to this [First Equipment Agreement], including consultation, drafting documents, sending notices or instituting, prosecuting or defending litigation or arbitration." Exhibit 1, page 3, section 11 "Remedies."

16. On or about July 8, 2024, Pavlov, as an individual, executed a Continuing Guaranty ("Guaranty") personally guaranteeing "the full and prompt payment and performance when due (at maturity, by acceleration, or otherwise) of all payments, rents, debts, liabilities, and other obligations of every type and description of [Daniel Trucking] to [Huntington], whether direct, indirect, absolute, contingent, secured, unsecured, primary, secondary, joint, several, joint and several, now existing or hereafter arising, acquired or owed (the 'Obligations')." A true and correct copy of the Guaranty is attached hereto and incorporated herein as Exhibit 2.

17. Per the Guaranty, Pavlov agreed to the terms and conditions set forth below:

    a. "…to pay [Huntington], on demand, in immediately available funds: (a) the amount of each Obligation not paid when due . . .; and (b) all costs and expenses (including court costs and legal fees) incurred by [Huntington] in connection

with the Obligations, this Guaranty and the enforcement of either, together with interest thereon . . . ." Exhibit 2, page 1, ¶1.

18. On or about July 26, 2024, Huntington extended additional credit in the amount of $59,990.00 to Daniel Trucking pursuant to a second Equipment Finance Agreement bearing the number x5-002 to purchase and maintain certain equipment ("Second Equipment Agreement"). A true and correct copy of this Second Equipment Agreement is attached hereto and incorporated herein as Exhibit 3.

19. Per the Second Equipment Agreement, Huntington and Daniel Trucking agreed to the terms and conditions set forth below:

   a. In exchange for a $59,990.00 line of credit, Daniel Trucking agreed to make monthly payments. Exhibit 3, page 1, section 1 "Summary of Term and Payments."

   b. All other terms and conditions are identical to those outlined in the First Equipment Agreement above in paragraph 15 (a) through (c).

20. On or about July 30, 2024, Huntington extended further credit in the amount of $65,000.00 to Daniel Trucking pursuant to a third Equipment Finance Agreement bearing the number x5-003 to purchase and maintain certain equipment ("Third Equipment Agreement"). A true and correct copy of this Equipment Finance Agreement is attached hereto and incorporated herein as Exhibit 4.

21. Per the Third Equipment Agreement, Huntington and Daniel Trucking agreed to the terms and conditions set forth below:

    a.  In exchange for a $65,000.00 line of credit, Daniel Trucking agreed to make monthly payments. Exhibit 4, page 1, section 1 "Summary of Term and Payments."

    b.  All other terms and conditions are as outlined in the First Equipment Agreement above in paragraph 15(a) through (c).

22.    The First Equipment Agreement, Second Equipment Agreement, and Third Equipment Agreement are collectively referred to herein as the "Equipment Agreements."

23.    The Card Agreement, the Equipment Agreements, and the Continuing Guaranty, and all obligations, agreements, instruments, and guaranties arising thereunder are collectively referred to herein as the "Obligations."

Misrepresentations to Huntington

24.    In and around January or February of 2025, Daniel Trucking requested an increase in its credit limit on the Card Agreement from $400,000.00 to $800,000.00.

25.    Daniel Trucking provided Huntington with financial records, including its Balance Sheet and Business Debt & Leases Schedule reflecting that it had an open line of credit with Old National Bank for $3,000,000.00, to induce Huntington into granting Daniel Trucking's request for an increase.

26.    On or about February 20, 2025, Huntington reviewed that information and determined that based on Daniel Trucking's overall financial condition, which included having an open $3,000,000.00 line of credit with Old National Bank, Daniel Trucking qualified for the requested increase.

27.    Subsequently, in reliance on Daniel Trucking's representations, Huntington did in fact increase Daniel Trucking's line of credit to $800,000.00 ("Increased Credit Limit").

28. Soon after this, Daniel Trucking failed to maintain sufficient funds in its demand deposit account and failed to effectuate timely payments through alternative funds; therefore, Daniel Trucking defaulted under the terms of the Card Agreement and Equipment Agreements by failing to make timely payments.

29. On or about April 8, 2025, Huntington contacted Pavlov and Daniel Trucking manager Ivan Pavlov and learned that Daniel Trucking did not in fact have a revolving line of credit with Old National Bank as represented to and relied upon by Huntington.

30. Pavlov and Ivan Pavlov informed Huntington that Old National Bank termed out that line of credit in 2024 and Daniel Trucking was merely making payments on the line of credit and could not advance funds as represented.

31. Had Huntington known Old National Bank termed out the line of credit in 2024, Huntington would not have increased Daniel Trucking's line of credit on the Card Agreement.

32. On April 14, 2025, Huntington issued a written demand to Daniel Trucking and Pavlov concerning the defaults and outstanding balance due under the Card Agreement. A true and correct copy of the April 14, 2025 demand letter is attached hereto as Exhibit 5.

33. On April 24, 2025, Huntington issued a written demand to Daniel Trucking and Pavlov concerning the defaults and outstanding balance due under the Equipment Finance Agreements. A true and correct copy of the April 24, 2025 demand letter is attached hereto as Exhibit 6.

34. Daniel Trucking and Pavlov have failed to remit any payment in response to either the April 14, 2025 or April 24, 2025 demand letters.

35. As of May 30, 2025, Daniel Trucking and Pavlov owe to Huntington under the Obligations in the following amounts:

9

      a.    $1,196,499.77 is due and owing under the Card Agreement, exclusive of late fees, attorneys' fees, and costs;

      b.    $373,806.39 is due and owing under First Equipment Agreement, exclusive of attorneys' fees, and costs;

      c.    $58,349.32 is due and owing under Second Equipment Agreement, exclusive of attorneys' fees, and costs;

      d.    $67,502.36 is due and owing under Third Equipment Agreement, exclusive of attorneys' fees, and costs.

36.    In addition to the total principal amount due and owing under the Card Agreement and the Equipment Agreements, Daniel Trucking and Pavlov are liable for all interest, costs, banking fees, attorneys' fees, and expenses—all of which continue to accrue as permitted by the terms of the agreements.

## COUNT I: BREACH OF CONTRACT (CARD AGREEMENT)

**(Against Daniel Trucking and Pavel Pavlov)**

37.    Huntington hereby incorporates by reference all the preceding paragraphs as though fully rewritten herein.

38.    In June 2024, Huntington and Daniel Trucking entered into the valid and enforceable Card Agreement that, among other things, requires Daniel Trucking to make payments to Huntington each month when due.

39.    In July 2024, Pavlov guaranteed Daniel Trucking's Obligations under the Card Agreement.

40.    Huntington fully performed its obligations under the Card Agreement.

41.    Despite demands for payment, Daniel Trucking breached the Card Agreement by

a) failing to liquidate the balance due and owing, 2) exceeding its Increased Credit Limit, and 3) failing to maintain a sufficient balance in its demand deposit account to effectuate timely payments or to provide Huntington with an alternative payment source.

42. Despite demands for payment, Pavlov breached the Guaranty by failing to liquidate the balance due and owing.

43. As a result of their breaches of the Card Agreement and Guaranty, Huntington is entitled to reasonable attorney's fees and costs incurred by initiating this lawsuit and prosecuting its claims.

44. As a direct and proximate result of Daniel Trucking and Pavlov's breaches of their respective agreements, Huntington has been damaged and demands judgment against Daniel Trucking and Pavlov in amount of $1,196,499.77 as of May 30, 2025, , together with additional late charges, attorney's fees and costs.

## COUNT II: BREACH OF CONTRACT (EQUIPMENT AGREEMENTS)
### (Against Daniel Trucking and Pavel Pavlov)

45. Huntington hereby incorporates by reference all of the preceding paragraphs as though full rewritten herein.

46. In July and August of 2024, Huntington and Daniel Trucking entered into the Equipment Agreements, namely the First Equipment Agreement, the Second Equipment Agreement, and the Third Equipment Agreement, for the extension of credit to Daniel Trucking.

47. In July 2024, Pavlov agreed to guarantee Daniel Trucking's Obligations under the Equipment Agreements.

48. Huntington fully performed its obligations under the Equipment Agreements.

49. Despite demands for payment, Daniel Trucking breached the Equipment

11

Agreements by failing to liquidate the balance due and owing.

50. Despite demands for payment, Pavlov breached the Guaranty by failing to liquidate the balance due and owing.

51. As a result of their breaches of the Equipment Agreements and Guaranty, Huntington is entitled to reasonable attorney's fees and costs incurred to exercise its contractual remedies.

52. As a direct and proximate result of Daniel Trucking and Pavlov's breaches of their respective agreements, Huntington has been damaged and demands judgment against Daniel Trucking and Pavlov in amount of $373,806.39 for the First Equipment Agreement, $58,349.32 for the Second Equipment Agreement, and $67,502.36 for the Third Equipment Agreement , plus interest thereon at the rate of 18% from and after May 30, 2025, together with additional late charges, attorney's fees and costs.

## COUNT III: ACCOUNTS STATED

**(Against Daniel Trucking)**

53. Huntington hereby incorporates by reference all of the preceding paragraphs as though full rewritten herein.

54. Huntington rendered regular periodic statements to Daniel Trucking reflecting the amounts due under the Card Agreement and Equipment Agreements.

55. Daniel Trucking accepted and retained these statements without objection and made partial payments on its accounts.

56. Daniel Trucking has failed to pay the outstanding balances.

57. As a direct and proximate result, Huntington has been damaged in an amount in excess of $75,000.00, exclusive of interest, fees, and costs.

## COUNT IV: UNJUST ENRICHMENT

### (Against Daniel Trucking)

58. Huntington hereby incorporates by reference all of the preceding paragraphs as though full rewritten herein.

59. Huntington conferred a benefit upon Daniel Trucking by extending credit and/ or funds to Daniel Trucking.

60. Daniel Trucking was fully aware that Huntington was conveying a benefit to Daniel Trucking.

61. It would be unjust for Daniel Trucking to retain the benefit conveyed by Huntington without paying the amount owed.

62. As a direct and proximate result of Daniel Trucking's retention of the benefit without payment to Huntington, Huntington has been damaged in an amount in excess of $75,000.00, exclusive of interest, fees, and costs.

## COUNT V:  FRAUDULENT MISREPRESENTATION

### (Against Daniel Trucking)

63. Huntington hereby incorporates by reference all of the preceding paragraphs as though full rewritten herein.

64. In connection with its ongoing lending relationship with Huntington, including, but not limited to, the Card Agreement and the Equipment Agreements, Pavlov and Daniel Trucking manager, Ivan Pavlov, made material misrepresentations and/ or omissions regarding Daniel Trucking's overall financial condition, including, but not limited to, its outstanding indebtedness, operational structure and performance, and the real nature of its cash flow and liabilities.

65. More specifically, in and around January or February 2025, Daniel Trucking intentionally provided financial records to Huntington that falsely indicated it had a $3,000,000.00 revolving line of credit with Old National Bank to induce Huntington to increase its Card Agreement line of credit from $400,000.00 to $800,000.00.

66. Pavlov and Ivan Pavlov made these representations knowing they were false, or with reckless disregard for their truth or falsity, or with the intent to mislead Huntington into relying on them, maintaining the lending relationship, and increasing lines of credit.

67. On or about April 8, 2025, Daniel Trucking admitted that Old National Bank had in fact termed out its line of credit in 2024 and that it could not advance funds on the line of credit.

68. Huntington justifiably relied upon Defendants' representations and/ or omissions in maintaining the lending relationship and approving additional credit to Daniel Trucking.

69. Daniel Trucking's conduct was willful, wanton, malicious, and demonstrated a conscious disregard entitling Huntington to punitive damages.

70. As a direct and proximate result of Defendants' fraudulent misrepresentations and omissions, Huntington suffered damages in excess of $75,000.00, exclusive of interest, fees, and costs, as well as punitive damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff The Huntington National Bank respectfully requests this Court:

A. Enter judgment in favor of Plaintiff and against Defendants Daniel Trucking International Inc. and Pavel Pavlov, jointly and severally, for compensatory damages in an amount in excess of $75,000.00, plus all accrued and accruing interest, late fees, attorneys' fees, costs, and expenses per agreements;

B. Award Plaintiff punitive damages against Defendant Daniel Trucking International Inc. on Count V Fraudulent Misrepresentation, in an amount to be determined at trial;

C. Award Plaintiff pre-judgment and post-judgment interest to the fullest extent allowed by law;

D. Award Plaintiff its costs of suit and reasonable attorneys' fees as permitted by contract or statute; and

E. Grant such other and further relief as the Court deems just and appropriate.

Respectfully submitted:

/s/Jo A. Tatarko
Kevin L. Murch, Trial Attorney (0066833)
Jo A. Tatarko (0082062)
Eleina K. Thomas (0091782)
PEREZ & MORRIS LLC
445 Hutchinson Avenue, Suite 600
Columbus, Ohio 43235
kmurch@perez-morris.com
jtatarko@perez-morris.com
ethomas@perez-morris.com
Telephone: (614) 431-1500
Facsimile: (614) 431-3885

*Attorneys for Plaintiff*
*The Huntington National Bank*